The St. Louis, Belleville and Southern Ry. Co.

*v.*

Edward C. Rice.

*Opinion filed December 22, 1897.*

Appeals and errors—*whether condition in promise to pay barred debt has been performed is a question of fact.* Whether a condition provided for in a conditional promise to pay a barred debt has been performed is a question of fact conclusively settled by a judgment of the Appellate Court affirming that of the trial court.

*St. L., B. & S. Ry. Co.* v. *Rice,* 69 Ill. App. 244, affirmed.

Writ of Error to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. Burroughs, Judge, presiding.

G. A. Koerner, and Victor K. Koerner, for plaintiff in error.

Edward L. Thomas, for defendant in error.

Mr. Justice Carter delivered the opinion of the court:

This was an action of assumpsit by Edward C. Rice, against the St. Louis, Belleville and Southern Railway Company, to recover the sum of $1500 paid by Rice in 1880, at the request of the defendant below, for the pur-

chase of a certain right of way. The cause was heard by the circuit court of St. Clair county by agreement, without a jury, and a judgment entered for Rice for $1500. This judgment has been affirmed by the Appellate Court, and the railway company has brought the record to this court for review on error.

The only point made by plaintiff in error is the alleged insufficiency of the proof of the alleged new promise set up by the replication of the plaintiff below to the plea of the Statute of Limitations. No complaint is made to any ruling of the circuit court in holding or refusing to hold any proposition submitted to be held as law in the decision of the case.

It is contended that the alleged new promise was contained in the following resolution of the board of directors of the plaintiff in error:

"*Resolved*, That the treasurer be directed to pay to Edward C. Rice, out of the first money coming into his hands as the proceeds of the company's bonds, the sum of $1500 in payment of the amount advanced to the company by said Rice for the purpose of purchasing a right of way along the St. Clair county turnpike, the said Rice to accept said sum as in full of all his claims upon or against this company, and that the secretary be directed to inform Mr. Rice that this company acknowledged the indebtedness."

And it is further insisted that the promise was a conditional one. Even if this be conceded, it is a sufficient answer to say that the question whether the condition had been fulfilled was one of fact, which has been conclusively settled against plaintiff in error by the judgment of the Appellate Court, and that no question of law has been preserved for our decision.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*